UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIA C. GRIFFITH                                    CIVIL ACTION

VERSUS                                               NO: 11-2401

STRATEGIC TECHNOLOGY                                 UNITED STATES MAGISTRATE
INSTITUTE, INC.                                      JUDGE KAREN WELLS ROBY

## ORDER AND REASONS

Before the Court is a **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or,**

**Alternatively, Rule 12(e) Motion for More Definite Statement (R. Doc. 4)**, filed by Defendant

Strategic Technology Institute, Inc. ("STI"), seeking an order from this Court dismissing Plaintiff

Maria C. Griffith's ("Griffith") claims with prejudice, or alternatively, requiring Griffith to submit

a more definite statement.  The motion was heard on the briefs on December 7, 2011.  The motion

is opposed.  (R. Doc. 8.)

## I.     Factual Background

Griffith filed suit against STI pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e, *et seq.* ("Title VII"), the regulations promulgated by the U.S. Equal Employment

Opportunity Commission ("EEOC"), 29 C.F.R. §§ 1601, *et seq.*, and Louisiana's anti-discrimination

statute, La. R.S. §§ 23:301, *et seq.*  (R. Doc. 7, p. 1.)  Griffith, a Hispanic woman, worked as a data

analyst for STI, a government contractor.  (R. Doc. 1, ¶¶ II, IV, IX.)  Griffith alleges she was

unlawfully discriminated against on the basis of her race (Hispanic) and sex.  (R. Doc. 1, ¶ II.)  She

further alleges that from January 8, 2008, until her termination on October 7, 2010, STI management knowingly subjected her to a hostile work environment and disparate treatment. (R. Doc. 1, ¶¶ II, IX.) Griffith's alleges that she complained about the harassment to her direct supervisor, Yvette Hamilton, but that no remedial action was taken. R. Doc. 1, ¶ IX.)

On November 28, 2011, Griffith filed a First Amended Complaint as a Matter of Right.[1] (R. Doc. 7.) Griffith's first amended complaint alleges that STI knowingly permitted STI employees to make fun of her accent and refer to her as "wet back", "wet back spic", "terrorist", "illegal immigrant", "stupid", and "clown".[2] (R. Doc. 7, ¶¶ III.D., III.F.-G., III.N., III.R.-S., III.X.) Griffith's first amended complaint further alleges her co-workers repeatedly accused her of being a drug dealer, and asked her what kind of drugs she was smuggling. (R. Doc. 7, ¶¶ III.E., III.W.-X.) Griffith further alleges that her co-workers threatened her and attempted to physically harm her, but that management did not take any remedial action when they were informed of the threats and attempted assault. (R. Doc. 7, ¶ III.O.) Griffith also alleges that she reported to management that someone was logging onto her computer and deleting her work without her consent, but that management did not take any remedial action for approximately seven (7) months. (R. Doc. 7, ¶¶ III.I. - K.)

---

[1] Rule 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course twenty-one (21) days after service of a motion under Rule 12(b). An amended complaint supercedes the original complaint and renders it without any legal effect unless the amended complaint specifically refers to or adopts and incorporates by reference the earlier pleading. *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n. 2 (5th Cir. 2010); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). In this case, Griffith filed her First Amended Complaint within twenty-one (21) days of STI's motion to dismiss. However, Griffith's First Amended Complaint specifically refers to and incorporates her original Complaint. (R. Doc. 7, ¶ XVII.) Thus, the Court must analyze STI's motion to dismiss, and consider both the original Complaint and the First Amended Complaint.

[2] Griffith alleges that she reported the incidents to multiple supervisory employees including, Edward Maguire ("Maguire"), Denny Green, Rakesh Chopra, Navaneeth Mathu, and Hamilton. (R. Doc. 7, ¶¶ III.E., III.I.-M., III.O.) During her employment, Griffith was directly supervised by Maguire and Hamilton. (R. Doc. 7, ¶¶ III.I., III. M.)

Griffith's first amended complaint also includes factual allegations related to her claim that she was terminated for discriminatory reasons. (R. Doc. 1, ¶ IX.) Griffith alleges that on September 3, 2010, she was told by Hamilton that she had to apply for a security clearance. (R. Doc. 7, ¶ III.T.) On September 10, 2010, Griffith was informed via email that her security clearance application was declined. (R. Doc. 7, ¶ III.U.) Griffith alleges that on October 4, 2010, Tyler Boyd ("Boyd"), Hamilton's supervisor, called and told her "you have two weeks notice starting today." (R. Doc. 7, ¶¶ III.W.) Boyd further accused Griffith of being a "terrorist", "criminal", and "drug dealer", called her a "wet back", and told her there was nothing she could do to fix the problem or keep her job. (R. Doc. 7, ¶¶ III.W.-X.) Griffith further alleges that her termination on the basis of the denied security clearance application is merely pretext, as the errors in her application could have been easily corrected. (R. Doc. 7, ¶ IX.)

Griffith alleges that STI's discriminatory treatment was continuous, and that it caused her physical injury, emotional distress, stress, and other bodily harm. (R. Doc. 7, ¶¶ VIII. - IX, XI, XIV.) Griffith seeks damages, including compensatory damages, past and future medical expenses, and attorney's fees. (R. Doc. 7, ¶ XV.)

As to the instant motion, STI seeks an order from this Court dismissing Plaintiff Maria C. Griffith's ("Griffith") claims with prejudice, or alternatively, requiring Griffith to submit a more definite statement. STI argues that Griffth's claims have prescribed. Alternatively, STI argues that Griffith's complaint fails to state sufficient facts which, accepted as true, state claims that are plausible on their face. Alternatively, STI seeks an order from this Court requiring Griffith to submit a more definite statement, pursuant to Federal Rule of Civil Procedure ("Rule") 12(e).

Griffith opposes the motion and argues that her claims are not prescribed as STI's

discriminatory acts were continuing in nature.  Griffith further argues that her First Amended Complaint alleges sufficient facts to state plausible claims of discrimination on the basis of race and gender.

## II.    Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.*  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

III.   **Analysis**

A.   **Prescription**

In support of its motion, STI argues that Griffith claims should be dismissed with prejudice because, with the exception of her termination claim, all of her claims have prescribed.  STI contends that Griffith filed her charge of discrimination with the EEOC on December 13, 2010. Thus, any alleged discriminatory acts that took place more than 300 days before - or before February 16, 2010 - have prescribed.

In opposition, Griffith argues that her claims have not prescribed as the doctrine of continuing violation applies.  Griffith contends that STI's discriminatory acts began on her first day of employment and continued until she was terminated.  Thus, any claims related to events that occurred before February 16, 2010 have not prescribed.

Before an employment discrimination plaintiff may pursue her claims in federal court, she must exhaust her administrative remedies.  *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002).  In order to exhaust her administrative remedies, a plaintiff must first file a timely charge with the EEOC and receive notice of right to sue.  *Id.*

Under Title VII, a plaintiff must file a claim with the EEOC within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1).  However, in a "deferral" state like Louisiana, this filing period is extended to 300 days if the complainant instituted a complaint with a state or local agency with authority to grant or seek relief from such practices.[3]  *Celestine v. Petroleos de Venezuela SA*,

---

[3]A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice.  *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 n. 1 (5th Cir.1988).  The Louisiana Commission on Human Rights ("LCHR") has been funded and operating since April 1994, making Louisiana a deferral state since that time.  *See Lafort v Russell*, No. 96-3888, 1998 WL 12241 at *2 n.2, 1998 U.S. Dist. LEXIS 189, at *7 (E.D.La. January 12, 1998) (citing La.Rev.Stat.Ann. § 51:2233 (West Supp.1997)); see also 29 C.F.R. § 1601.74.

266 F.3d 343, 351 (5th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1)); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994).

As stated above, Griffith appears to concede that the 300-day limitations period applies to her claims by stating "[STI] correctly states, at the very least Maria Griffith may go back to February 16, 2010 . . ." (R. Doc. 8, p. 2.) Further, Griffith does not contest that she filed her charge of discrimination with the EEOC on December 13, 2010. Thus, Griffith's federal law claims of discrimination based on events that occurred 300 days before December 13, 2010 - or before February 16, 2010 - are time barred unless the continuing violation doctrine applies.

**B.    Continuing Violation Doctrine**

In opposition, Griffith argues that the continuing violation doctrine applies to her claims. Griffith contends that STI's employment practices were not discrete acts, but rather were continuing violations that occurred from the time she began her employment until she was terminated.

The continuing violation doctrine is an equitable exception that "extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004). In order to extend the statute of limitations period under this exception, known as a continuing violation, the plaintiff must file an EEOC charge within at least 300 days of one of the alleged acts of discrimination. *Waltman v International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989).

"A continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear

until it was repeated during the limitations period." *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir.1983). The continuing violation theory relieves a plaintiff of establishing that all of the discriminatory conduct occurred within the limitations period if the plaintiff can show a series of related acts, at least one of which occurred within the limitations period. *See Messer v. Meno*, 130 F.3d 130, 135 (5th Cir.1997). However, not only must the plaintiff show a series of unrelated and isolated instances of discrimination, but she must also prove a series of continuous violations constituting an organized scheme leading to and including a present violation. *Huckabay v Moore*, 142 F.3d 233, 240 (5th Cir. 1998) (citing Berry, 715 F.2d at 981).

The U.S. Supreme Court clarified the limits of the continuing violations doctrine, announcing that a discrete discriminatory act is not actionable under Title VII if it occurred more than 300 days before the employee filed a charge with the EEOC. *Id.* (citing *Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072, 153 L. Ed. 2d106 (2002)). In contrast, hostile work environment claims are actionable and "'will not be time barred so long as all acts which constitute the claim are part of the same unlawful practice and at least one act falls within the [300 day] time period.'" *Id.* (quoting *Morgan*, 536 U.S. at 122). Therefore, if the claims enumerated in Griffith's First Amended Complaint are discrete acts, then the claims are time-barred. If, however, these claims contribute to a hostile work environment, the claims are actionable as long as one act falls within 300 days of the EEOC filing.

## C.   <u>Race Discrimination</u>

In support of its motion, STI argues that Griffith failed to allege sufficient facts to establish a hostile environment claim based on race. Specifically, that Griffith failed to establish that STI's allege conduct was frequent or severe enough to affect a term, condition, or privilege of her

employment.

In opposition, Griffith argues that STI's argument was mooted out by her first amended complaint.  Griffith further argues that her first amended complaint sufficiently states the dates, persons, and location of STI's discriminatory conduct.

Title VII also prohibits discrimination on the basis of race.  42 U.S.C. § 2000e-2(a)(1).  To establish a prima facie case of discrimination on the basis of race the plaintiff must demonstrate that she (1) belonged to a protected group; (2) was qualified for the position; (3) suffered an adverse employment action; and, (4) was replaced with a similarly qualified person who is not a member of his group, or in the case of disparate treatment, that similarly situated employees were more favorably treated.  *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir.2003).

A hostile-work environment claim based on race requires Griffith to establish a prima facie case that (1) she is a member of a protected class; (2) she was subject to unwelcome harassment; (3) the harassment affected a term or condition of her employment; and (4) STI knew or should have known about the harassment and failed to take prompt remedial action.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir. 2007).  Harassment affects a "term, condition, or privilege of employment" if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quotation marks and citations omitted).  Workplace conduct "is not measured in isolation."  *Id.* (quotation marks and citation omitted).

In order to deem a work environment sufficiently hostile, "all of the circumstances must be taken into consideration."  *Id.*  This includes "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and

whether it unreasonably interferes with an employee's work performance." *Id.* (quotation marks and citations omitted).  To be actionable, the work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (citation omitted).

The Court notes, however, that the prima facie case is an evidentiary standard used in assessing motions for summary judgment - not a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 122 S. Ct. 992 (2002).  Accordingly, Griffith need not plead facts establishing every element of her prima facie case to survive a motion to dismiss, but under *Twombly* she must state a plausible claim for relief.  *Moore v. Metropolitan Human Service Dist.*, No. 09-6470, 2010 WL 1462224, at *3, 2010 U.S. Dist. LEXIS 34808, at *18-20 (E. D. La. April 8, 2010).

Here, Griffith alleges that from January 8, 2008, until her termination on October 7, 2010, STI management knowingly subjected her to continuous discriminatory treatment and threatening behavior.  Griffith's complaint alleges that her co-workers repeatedly made fun of her accent, referred to her as "wet back", "wet back spic", "terrorist", "illegal immigrant", "stupid", and "clown", accused her of being a drug dealer, asked her what kind of drugs she was smuggling, threatened her and attempted to physically harm her.  Griffith further alleges that she repeatedly reported these incidents to her direct supervisor and other management staff, but that STI management did not take any remedial action.

As alleged, it is plausible that Griffith was subjected to a severe and pervasive hostile work environment and that STI's discriminatory acts are part of the same unlawful practice, and therefore constitute a continuing violation.  It is also plausible that Griffith was treated differently than

similarly situated employees because of her race.  Accepting all well-pleaded facts as true, and viewing the complaint as a whole - rather than any one statement in isolation - the Court finds Griffith has established facially plausible claims for hostile work environment and disparate treatment on the basis of her race.  Thus, Griffith's race claims are not time barred.

### D.      More Definite Statement Pursuant to Rule 12(e)

In support of its motion, STI argues that Griffith failed to state any facts to support a sex discrimination claim.  Thus, Griffith's gender discrimination claims should be dismissed. Alternatively, STI contends that if the Court denies its motion to dismiss, Griffith should be required to amend her complaint to allege a more specific and definite statement of facts.

In opposition, Griffith argues that her first amended complaint sufficiently alleges facts to support her gender discrimination claim.  Thus, STI's requests are moot.

Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  *See also Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the property remedy is a motion for a more definite statement under Rule 12(e)").

Title VII provides in relevant part that "[I]t shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ."  42 U.S.C. § 2000e-2(a)(1).  The Fifth Circuit uses the *McDonnell Douglas* standard for claims of gender discrimination. *Bouvier v. Northrup Grumman Ship Sys. Inc.*, 350 F. Appx. 917, 921 (5th Cir. 2009)

(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)).  That is, to establish a prima facie case of gender discrimination, the plaintiff must establish that (1) she is a member of protected class, (2) she was qualified for her position, (3) she suffered adverse employment action, and (4) the employer intentionally treated others outside the protected class more favorably.  *Id.*  The United States Court of Appeals for the Fifth Circuit has interpreted "adverse employment action" to include "only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."  *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

Here, Griffith's original complaint and first amended complaint allege discrimination on the basis of Griffith's sex.  (R. Doc. 1, ¶ II, R. Doc. 7, ¶ II.)  However, Griffith has not presented any facts to support her claim.  While she suggests in her written submission to the Court in opposition to the motion to dismiss that male employees were treated more favorably, and that another male employee acted inappropriately towards her, these allegations are not included in her original or First Amended Complaints.  A plaintiff simply cannot rely on conclusory allegations of gender discrimination in order to survive a motion to dismiss.  *Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir. 2000).  Thus, Griffith shall amend her complaint and provide a more definite statement of her gender discrimination claims under Rule 12(e).

## IV.   <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that Defendant Strategic Technology Institute, Inc.'s **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, Alternatively, Rule 12(e) Motion for More Definite Statement (R. Doc. 4)** is hereby **GRANTED IN PART** and **DENIED IN PART**.

1.      The request seeking the dismissal of Griffith's race discrimination claims is **DENIED**;

2.      The request seeking the dismissal of Plaintiff Maria C. Griffith's gender discrimination claims is **DENIED**;

3.      The request seeking a more definite statement of Griffith's gender discrimination claims is **GRANTED**.  Griffith shall amend her complaint to provide a more definite statement of her gender discrimination claims **within fourteen (14) days** of the signing of this order.

New Orleans, Louisiana, this 14th day of March 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**